## Kihm-Bowen Machine Co. v. Midwest Steel & Supply Co. et al.

*Mechanic's lien — Notice—Record—Trial—Mistake—Amendment—Act of June 4, 1901.*

1. As section 8 of the Act of June 4, 1901, P. L. 431, 434, relating to notice of a mechanic's lien, does not make such notice a part of the record, the question of the sufficiency of such notice is one to be disposed of upon the trial of the case and cannot be made ground for striking off the lien.

2. Where the notice of the filing of a mechanic's lien in the caption is in typewriting and shows the word "Fayette" crossed out with a pen and the word "McKean" written over it, and the number and term of the lien is properly given as of McKean County, the writing of the word "Fayette" in place of "McKean" in the body of the notice is amendable, if such amendment is necessary, under section 51 of the Act of June 4, 1901, P. L. 431, 454.

*Mechanic's lien—New building—Alteration—Motion to strike out items—Return-days—Act of June 4, 1901.*

3. Where a mechanic's claim as a whole shows that it was for the complete fitting up of a building for use as a rolling mill and adapting an old structure to a new and distinct use, which effected a material change in the interior of such building, the lien as filed will be construed as filed for the construction of a new building.

4. Items of a mechanic's lien which cannot be sustained by reason of defective description thereof can be taken advantage of upon the trial and claimed as a defence under section 36 of the Act of June 4, 1901, P. L. 431, 448, but they cannot be stricken out on motion to strike off the lien.

5. The Mechanic's Lien Act did not intend to limit the return-day of such liens to those months when the return-day happens to fall on the first Monday of the month, but only to prescribe the form of the writ in a general way.

Rule to show cause why mechanic's lien should not be stricken off. Rule to show cause why *scire facias sur* mechanic's lien should not be stricken off. C. P. McKean Co., Oct. T., 1921, No. 6.

*W. E. Burdick,* for rules; *Brown, Schoonmaker & Nash,* contra.

BOUTON, J., Jan. 29, 1923.—The defendant, Midwest Steel and Supply Company, moves the court to strike off the lien filed in this case for the following reasons:

(a) That the claimant failed to give the notice as required by section 8 of the Act of June 4, 1901, P. L. 431, 434, and the amendments and supplements thereto.

(b) That the claimant failed to give the notice as required by section 21 of the Act of June 4, 1901, P. L. 431, 441, and the amendments and supplements thereto.

(c) That the lien filed shows on its face that the contract of A. L. Kirby Company, contractor, was with one other than the Midwest Steel and Supply Company, owner or reputed owner.

*(d)* That the lien fails to indicate whether it is for the erection of a new building or the alteration of an old building.

*(e)* That the claim contains no averment that the claimant has completed its contract or has been excused or prevented from completing same.

We will dispose of these reasons in their order.

As to reason *(a)*, we find that section 8 of the Act of June 4, 1901, relative to notice, does not make such notice a part of the record, and, therefore, the question of such notice is one to be disposed of upon the trial of the case and cannot be made ground for striking off the lien.

As to reason *(b)*, it appears that the notice required under section 21 of the Act of June 4, 1901, and its supplements, was in the following form:

"In the Court of Common Pleas for the County
McKean
of ~~Fayette.~~

| | |
|---|---|
| Kihm-Bowen Machine Company,<br>Claimant,<br>*vs.*<br>Midwest Steel and Supply Co., owner<br>or reputed owner, and A. L. Kirby<br>Company, Contractor. | No. 6<br>October Term, 1921.<br>M. L. D. |

"To Midwest Steel and Supply Company,
Owner or reputed owner,
Bradford, Pennsylvania.

"Take notice that we have filed a Mechanic's Lien Claim against premises owned by you and recently fitted out as a rolling mill in the 6th Ward of the City of Bradford, Pennsylvania, described at length in said claim, for the sum of $5881.01. Said lien is filed in the Court of Common Pleas of Fayette County, as of October Term, 1921, No. 6, M. L. D., and was filed on the 11th day of August, 1921.

KIHM-BOWEN MACHINE COMPANY.
By George F. Bowen, President.

"Dated August 12th, 1921.     Sub-contractor and claimant."

This notice was served as required by the statute and sworn to, with proof of such service attached and filed therewith. The defendant claims that, inasmuch as the body of the notice states that the lien was filed in Fayette County, that, therefore, it is equivalent to no notice at all. It will be observed that in the caption of the notice the word "Fayette" was typewritten, crossed out with a pen and the word "McKean" written over it. There is no contention but that the number and term of the lien was properly given in the caption.

Taking the notice as a whole, it clearly appears that the word "Fayette" was a stenographic error, and that no one could be misled thereby. The notice was served as required by law, and was entirely sufficient to put the defendant upon inquiry and to point him to the records of McKean County, at No. 6, October Term, 1921, M. L. D. The writing of the word "Fayette" in place of McKean in the body of the notice is, in our judgment, clearly amendable, if such amendment be necessary, under section 51 of the Act of June 4, 1901.

As to reason *(c)*, namely, "that the lien filed shows on its face that the contract of A. L. Kirby Company, contractor, was with one other than the Midwest Steel and Supply Company, owner or reputed owner," from an examination of the lien itself, we fail to find that any such conclusion is warranted; on the contrary, we think the lien shows on its face that the con-

3 D. & C.

tract of A. L. Kirby Company, contractor, was with the Midwest Steel and Supply Company, owner or reputed owner.

As to reason (d), namely, "that the lien fails to indicate whether it is for the erection of a new building or the alteration of an old building," we think that the lien as filed clearly shows that it is for the erection of a new building, under the provisions of section 3 of said Act of June 4, 1901, which is as follows: "A substantial addition to a structure or other improvement shall be treated as a new erection or construction thereof; and the addition and the structure or other improvement of which it becomes a part, and the curtilage appurtenant to both, shall be subject to the lien. *Every adaptation of an old structure or other improvement to a new or distinct use which effects a material change in the interior or exterior thereof shall also be deemed an erection or construction thereof. Any labor or materials furnished in completely fitting up or equipping the structure or other improvement for the purpose for which it was intended, whether on the property subject to the lien or elsewhere, if actually done or used for the purpose, shall be treated as a part of the erection or construction thereof.*"

The lien on its face states "against all that certain building and premises which have been or are being fitted up by the Midwest Steel and Supply Company as a rolling-mill, situate in the 6th Ward of the City of Bradford, State of Pennsylvania, and against the lot of ground on which said building is erected, in said 6th Ward of the City of Bradford, Pennsylvania, which is hereinafter more particularly described, for labor done and materials furnished and supplied for and toward the fitting up or equipping with machinery of said premises."

In the fifth paragraph of the lien it is averred that said work and labor shown in said detailed statement, hereto attached and made a part hereof and marked Exhibit 'C," were actually done and performed in connection with and in performance of said contract and in the fitting up of said premises as a rolling-mill, and that the materials set forth in said statement were actually used and furnished for and toward and in and about the fitting up of said premises as a rolling-mill.

Taking the claim as a whole, we can arrive at no other conclusion than that this was for the complete fitting up of the building for use as a rolling-mill and the adaption of an old structure to a new or distinct use which effects a material change in the interior thereof, and, hence, under the statute, deemed an erection or construction.

As to reason (e), namely "that the claim contains no averment that the claimant has completed its contract or has been excused or prevented from completing same," we think section 5 of the lien, which is as follows, "Claimant avers that said work and labor shown in said detailed statement, hereto attached and made a part hereof and marked Exhibit 'C,' were actually done and performed in connection with and in performance of said contract and in the fitting up said premises as a rolling-mill," is a sufficient averment of the completion of the contract. If not, it is clearly amendable under the statute.

Counsel for the Midwest Steel and Supply Company further asks us that if we should be of the opinion that the lien ought not to be struck off for the reasons assigned, to eliminate from the lien or strike out of said lien certain items therein enumerated.

An examination of the statute fails to convince us that we have any authority to strike out certain items of a lien on motion. Items of a lien which cannot be sustained by reason of defective description thereof can be

taken advantage of upon the trial and claimed as a defence under section 36 of the Act of 1901.

We are further asked to strike off the *scire facias* issued in the above entitled case, for the reason that the same was not made returnable as provided by the act of assembly authorizing the issue of the same. The *scire facias* is made returnable on the fourth Monday of November, which, under the rules of court, is one of the regular return-days of said court. True it is that the form of the writ as prescribed by the statute states the return-day on the "first Monday of ————— next," while this writ was made returnable on the fourth Monday of November. In our judgment, the statute did not intend or undertake to limit the return-day of mechanics' liens to those months when the day happened to be on the first Monday of the month, but was only intended to prescribe the form of the writ in a general way.

And now, to wit, Jan. 29, 1923, for the reasons above given, the rule to show cause why the lien should not be struck off is discharged, and the rule to show cause why the *scire facias* should not be struck off is also discharged.

From E. G. Potter, Smethport, Pa.